UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-176-FDW

| | |
|---|---|
| KEVIN J. RAINEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J. BURRELL, Hendersonville, P.D.; | ) |
| BRENDA S. MCMURRAY, | ) ORDER |
| Magistrate; R.E. UNDERWOOD, | ) |
| Hendersonville P.D.; JAMES | ) |
| LEE LIVELY, Magistrate; | ) |
| KIMBERLY GASPERSON JUSTICE, | ) |
| Clerk of Superior Court, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.

## I.    BACKGROUND

According to the complaint, Plaintiff was arrested on September 24, 2007, by Officer J. Burrell of the Hendersonville Police Department on a charge of obtaining property by false pretenses (Case No. 07CR62387) and unauthorized use of a motor vehicle (07CR55666) based on a warrant issued by magistrate Brenda S. McMurray on September 12, 2007. Plaintiff was later convicted and served a term of roughly ten months as a prisoner of the State of North Carolina and he was released on or about October 8, 2009.

On February 26, 2011, Plaintiff was arrested by Officer R.E. Underwood of the Hendersonville Police Department on charges of felony larceny (Case No. 07CR56042) and unauthorized use of a motor vehicle (Case No. 07CR55309) based on a warrant issued by magistrate James Lee Livey on September 8, 2007. Plaintiff contends that the 2011 arrests were

1

"for the same property crimes" which formed the basis for his 2007 convictions. Plaintiff was detained on the February arrest until July 8, 2011, when an assistant district attorney dismissed the charges on the grounds of double jeopardy. (1:14-cv-176, Doc. No. 1 at 7).

Plaintiff contends that the defendants' collective actions in arresting, detaining, and prosecuting him in 2011, on what he contends are the substance of the 2007 charges, violated his right to be free from double jeopardy and cruel and unusual punishment, and resulted in him being falsely imprisoned for 132 days and was driven by malicious prosecution.[1] In his claims for relief, Plaintiff seeks monetary damages to compensate him for his inability to work during this detention, and to compensate him for pain and suffering, and for loss of property. Plaintiff also seeks monetary damages because his name was "slandered in news publications and also resulted in defamation of character." (Id. at 3).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a

---

[1] Plaintiff alleges that Defendant Kimberly Justice, whom he identifies as the Henderson County Clerk of Superior Court, is liable for damages based on her negligent failure "to maintain plaintiff's records, files and also to keep them accurate." (1:14-cv-176 at 7).

2

clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In order to "state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (internal citations omitted). Plaintiff has alleged that his Fifth and Eighth Amendment rights were violated by the defendants and it is beyond question that on the facts as alleged in the complaint that the defendants were acting under color of state law. Nevertheless, Plaintiff's complaint fails to state a claim for relief for the following reasons.[2]

A. Double Jeopardy

Plaintiff was convicted on May 21, 2008, with the crime of obtaining property by false pretenses (07CR062387) which is a violation of N.C. Gen. Stat. § 14-100, and is classified as a Class H felony. The alleged offense date was September 12, 2007. Plaintiff was convicted on April 25, 2008, for the unauthorized use of a motor vehicle (0755666) which is classified as a Class 1 misdemeanor under N.C. Gen. Stat. § 14-72.2. The alleged offense date was September 24, 2007. These two charges were consolidated for judgment and Petitioner was sentenced to a 10-month term of active imprisonment and released on October 6, 2009.[3]

Plaintiff contends that he was also charged in 2007 with the Class H crime of felony

---

[2] Although Plaintiff does not provide any dates of publication, it would appear that as Plaintiff was detained and released in 2011, his claims for libel and slander would be barred by the statute of limitations. When considering a claim in a Section 1983 case, the statute of limitations for a claim is determined based on the law of the State where the alleged actions took place. See Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). Under North Carolina law, a claim for libel and slander is governed by a one-year limitation period. See N.C. Gen. Stat. § 1-54(3). Because Plaintiff has failed to identify which defendant, if any, committed these acts, these state law claims will be dismissed without prejudice.

[3] The information presented here is drawn both from Plaintiff's complaint and from the website maintained by the North Carolina Department of Public Safety (DPS) of which this Court takes judicial notice.

larceny (07CR56402), in violation of N.C. Gen. Stat. § 14-72, and unauthorized use of a motor vehicle (07CR55309), a Class 1 misdemeanor. According to Plaintiff, he was detained on these charges on February 26, 2011, until an assistant district attorney dismissed the charges on grounds of double jeopardy on July 8, 2011.

Under North Carolina law, in order to be convicted of felony larceny "the State must prove: (1) a wrongful taking and carrying away of the personal property of another (2) without his consent (3) done with the felonious intent to deprive the owner of his property, and (4) to appropriate it to the taker's use fraudulently." State v. Kelly, 331 S.E.2d 227, 229-30 (N.C. App. Ct. 1985) (citing State v. Watts, 212 S.E.2d 557 (1975)); and State v. Perry, 287 S.E.2d 810 (1982)).

In order to be convicted of obtaining property by false pretenses, the State must prove four distinct elements: "(1) a false representation of a subsisting fact or a future fulfillment or event (2) which is calculated and intended to deceive (3) which is done in fact to deceive and (4) by which one person obtains or attempts to obtain value from another." Kelly, 331 S.E.2d at 230 (citing State v. Cronin, 262 S.E.2d 277 (1980)). In rejecting the defendant Kelly's argument that his convictions for felony larceny and obtaining property by false pretenses violated the Double Jeopardy Clause, the court held that "[a] key element of obtaining property by false pretenses is that an intentionally false and deceptive representation of a fact or an event has been made. If this fact is not present, then there can be no conviction for violation of G.S. 14-100. A false and deceptive representation is not an element of larceny." Kelly, supra.

In the present case, Plaintiff has alleged that the prosecution for felony larceny and obtaining property by false pretenses is in violation of his Fifth Amendment right to be free from Double Jeopardy. The Fifth Amendment to the United States Constitution provides, in pertinent part, that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb

4

. . ." U.S. CONST. amend. V.[4] The test for whether two offenses violate the Double Jeopardy Clause is well established. In Blockburger v. United States, the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932) (internal citation omitted).

Albeit on different days, Plaintiff was charged with obtaining property by false pretenses and felony larceny and warrants were issued in September 2007. These two offenses are distinct and his prosecution on these charges did not violate his Fifth Amendment rights, and the fact that the warrants were issued on different days in September, and that he was not prosecuted on the felony larceny charge until 2011 is of no moment because there is no statute of limitations on felony offenses in North Carolina.[5] See State v. Taylor, 713 S.E.2d 82, 90 (N.C. Ct. App. 2011) ("In this State no statute of limitations bars the prosecution of a felony.") (quoting State v. Johnson, 167 S.E.2d 274, 279 (1969) (internal citation omitted). For the reasons stated, these claims will be dismissed.

Plaintiff also contends that his prosecution in 2011 for unauthorized use of a motor vehicle (07CR55309), which was a crime charged in 2007, violates the prohibition on Double Jeopardy because he was already charged and convicted on the charge of unauthorized use of a motor vehicle in 2007 (07CR055666) and Plaintiff maintains that the two charges are for "the same property crimes." (1:14-cv-176, Doc. No. 1 at 7).

Under N.C. Gen. Stat. § 14-72.2(a), "[a] person is guilty of [unauthorized use of a motor vehicle] if, without the express or implied consent of the owner or person in lawful possession, he

---

[4] Plaintiff's Eighth Amendment claim for cruel and unusual punishment will be dismissed for the same reasons as the Fifth Amendment claim, namely, because Plaintiff has failed to state a claim upon which relief may be granted.

[5] Plaintiff also complains about the delay in the over three-year delay in his prosecution on the felony larceny charge.

takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." See State v. Robinson, 763 S.E.2d 178, 181 n.4 (N.C. Ct. App. 2014). "One of the essential elements of unauthorized use of a motor vehicle is the taking or operating of a motor vehicle without having formed an intent to permanently deprive the owner thereof." Robinson, supra (quoting State v. McCullough, 333 S.E.2d 537, 538 (1985)).

In Case No. 07CR755666, the offense of unauthorized use of a motor vehicle is alleged to have occurred on September 24, 2007, and a warrant was issued that same day. (1:14-cv-176, Doc. No. 1 at 3(a)(2) and 7).[6] In Case No. 07CR55309, according to Plaintiff, the warrant for the unauthorized use of a motor vehicle was issued on September 8, 2007, thus there were two separate warrants issued for these crimes, and two separate criminal cases were filed. It would appear from these facts that there is no double jeopardy violation because two separate warrants were issued, by different magistrate judges on different days, and applied for by different officers, and each charge bore its own case number.

For the foregoing reasons, on this record there does not appear to be a double jeopardy violation even though the State may have decided that the prosecution should have been dismissed on those grounds.

B.    Judicial Immunity

In any event, the Court finds that all claims in this action against the magistrate judges, Brenda McMurray and James Lively, are barred by the doctrine of judicial immunity. The Supreme Court has long recognized that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority invested in him, [should] be free to act upon his own convictions, without apprehension of personal consequence to himself." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (citing Bradley v. Fisher, 80 U.S. 335,

---

[6] This is the offense date entered on the DPS website.

347 (1871)). As noted, the magistrate judges issued warrants for the crime of unauthorized use of a motor vehicle on different days based upon applications presented by different police officers. See Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975) (state magistrate judges immune from suit for monetary damages). And the issuance of a warrant is undoubtedly a function within a magistrate's judicial capacity. See Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Timmeran, supra).

Based on these facts, it appears that the magistrates were acting squarely within their judicial capacity, and save for a showing that their actions were "done maliciously or corruptly," Stump, 435 U.S. at 355-56, which Plaintiff has not done, he has failed to state a claim for relief against these defendants.

C.   Remaining Defendants

Officers J. Burrell and R.E. Underwood applied for warrants on different days and before different magistrates, and even if it turned out that the warrants were for the same crime, there are no plausible allegations that these officers conspired, maliciously or otherwise, to secure warrants from separate magistrate judgments in order to try and have Plaintiff prosecuted twice for the same crime.

Plaintiff has stated a claim for negligence at best and negligence claims are generally not held actionable in a § 1983 action. See, e.g., Daniels v. Williams, 474 U.S. 327 at 330-31 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995). Moreover, Plaintiff alleges that the defendants violated his Fifth and Eighth Amendment rights because he was prosecuted twice for the same offenses and this amounted to cruel and unusual punishment. This argument fails because the officers did not prosecute him for either of these offenses, rather they merely presented facts which were found sufficient by a magistrate judge to establish probable cause that a crime had been committed. The prosecution of individuals lies within the exclusive power and province of the

7

State. Based on the foregoing, the claims against Officers Burrell and Underwood will be dismissed.

Finally, the claim against Defendant clerk Justice, will be dismissed for failure to state a claim. According to Plaintiff, Defendant Justice is liable because she was "negligent in handling, maintaining and keeping accurate files and records." (1:14-cv-176, Doc. No. 1 at 6). First, although Plaintiff does not specify whether he suing Justice in her official capacity, a claim against the clerk in her official capacity would be barred by the Eleventh Amendment because a claim against the clerk is a claim against the State of North Carolina and Section 1983 applies only to "persons" acting under color of state law. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003) ("And for purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity.") (citations omitted). Secondly, for the reasons previously stated, a claim that Defendant Gasperson was negligent in managing court records fails to state an actionable § 1983 claim. Finally, Defendant Gasperson did not prosecute or detain Plaintiff so it follows that she could not have violated his federal constitutional rights.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 13, 2015